**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 20, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RICHITA MARIE HACKFORD;
NATHAN S. COLLET; OPAL S.
HACKFORD; RICHARD D.
HACKFORD,

      Plaintiffs - Appellants,

v.

STATE OF UTAH; DUCHESNE
COUNTY; ROOSEVELT CITY
POLICE DEPARTMENT;
ROOSEVELT CITY CORPORATION;
PETE BUTCHER, Officer/Detective;
DUCHESNE COUNTY JAIL;
WALLACE HENDRICKS;
ROOSEVELT ADULT PROBATION
& PAROLE; TOM KOSMACK;
BRAD DRAPER, Officer; UINTAH
COUNTY; VERNAL CITY
CORPORATION; UINTAH COUNTY
JAIL; CHURCH OF JESUS CHRIST
OF LATTER DAY SAINTS,

      Defendants - Appellees.

No. 11-4108
(D.C. No. 11-CV-00084-DB-DN)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.[**]

Plaintiffs-Appellants Richita Hackford, Nathan S. Collet, and Opal S. Hackford, proceeding *pro se*, appeal from the district court's denial of their motion for a restraining order or preliminary injunction. Their brief is incomprehensible, but appears to allege that the Ute Partition Act of 1954 was fraudulently enacted and that unspecified rights of theirs are being violated by the Corporation of the President of the Church of Jesus Church of Latter-day Saints. We review a district court's denial of preliminary injunctive relief for an abuse of discretion. See Dominion Video Satellite, Inc. v. EchoStar Satellite Corp., 269 F.3d 1149, 1153 (10th Cir. 2001). To obtain a preliminary injunction, plaintiffs must demonstrate "(1) a substantial likelihood of success on the merits; (2) irreparable injury to the movant if the injunction is denied; (3) the threatened injury to the movant outweighs the injury to the party opposing the preliminary injunction; and (4) the injunction would not be adverse to the public interest." Id. at 1154. Plaintiffs must also comply with the procedural requirements of Fed. R. Civ. P. 65. The district court properly held that the plaintiffs have not satisfied the requirements for injunctive relief. They failed to file an affidavit or verified

---

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

complaint as required for the issuance of a temporary restraining order without notice to other parties; they failed to set forth specific facts that demonstrate immediate and irreparable injury is about to occur; and they failed to present facts that would allow the court to fashion a proper order under Rule 65(d). Appellant Richard Hackford's motion to proceed without prepayment of fees is granted. He is reminded to continue making partial payments until the filing fee is paid in full.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge